UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

S.F.,

        Plaintiff,

  v.

HEALTHTALK, INC.,

        Defendant.

CASE NO. C06-935JCC

MINUTE ORDER

       The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

       The Court declines to sign the parties stipulated proposed protective order (Dkt. No. 8). The Court will not sign stipulated protective orders to authorize documents to be filed under seal simply based on the fact that they were marked by the parties as confidential in the course of discovery. "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Rule CR 5(g)(1). The parties have not made a compelling showing that the public and the parties' interests in protecting any documents marked "confidential" from public review outweigh the public's right of access.

MINUTE ORDER – 1

Specifically, the provision in paragraph (12) that the parties will file any documents marked by them as "confidential" under seal "in accordance with the U.S. District Court's CM/ECF procedures for the filing of sealed documents" falls short. Compliance with *both* CM/ECF and the Local Rules are required before a document may be filed as sealed. Moreover, under the Local Rules, parties seeking an order to seal any documents must provide a specific description of particular documents or categories of documents they seek to protect and "*a clear statement of the facts* justifying a seal and overcoming the strong presumption in favor of public access." Local Rule CR 5(g)(2) (emphasis added). The facts supporting any motion to seal must be provided by declaration or affidavit. To obtain a court order sealing documents attached to a nondispositive motion, the parties must make a particularized showing under the "good cause" standard of FED. R. CIV. P. 26(c). *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To obtain a court order sealing documents attached to a dispositive motion, such as a summary judgment motion, the parties must meet a "compelling reasons" standard and not the lesser "good cause" standard. *Id.* at 1177–79; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

The blanket sealing provision proposed here and the parties' general list of "confidential" documents in paragraph (4.2) are insufficient to meet the foregoing standards. Further, any proposed protective order must contain a provision that the Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

The parties may agree on confidentiality among themselves, but when they ask that the Court be involved in approving future filing of sealed documents, they must make the requisite showing and include a provision that the Court may alter the protective order on its own motion. The stipulated protective order received by the Court will remain on the docket, but will not be signed and entered by the Court in its present form. The parties may submit a revised proposed stipulated protective order that complies with the requirements outlined above. The Clerk is directed to send a copy of this Minute Order to all counsel of record.

MINUTE ORDER – 2

1     DATED this 8th day of January, 2007.

2                                                    BRUCE RIFKIN, Clerk of Court

3                                                    By  */s/ C. Ledesma*
                                                               Deputy Clerk

26   MINUTE ORDER – 3