HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.F.,<br><br>                    Plaintiff,<br><br>     v.<br><br>HealthTalk, Inc.,<br><br>                    Defendant. | NO. CV 06-0935 JCC<br><br>STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION AND ORDER THEREON |

Pursuant to Fed.R.Civ.Pro. 26(c), the parties, by and through their respective counsel of record, hereby stipulate that the following provisions shall apply to all discovery in this litigation.

1.      The Complaint of Plaintiff involves Plaintiff's claims of employment discrimination arising from Plaintiff's employment with Defendant.  Defendant denies these claims.  The nature of Plaintiff's allegations of disability discrimination include his disclosure to his employer his status as HIV Positive and that he has been diagnosed with AIDS.  Because of the stigma and discrimination associated with these conditions, the plaintiff's name and other identifying information (including his address and the identity of his current employer) require protection from disclosure to the general public.

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 1
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

2.      It is necessary for Plaintiff to provide through discovery in this lawsuit confidential financial information and confidential medical and psychological records, all of which are entitled to protection against improper disclosure to the general public.  Because of the nature of his diagnosis, the medical and psychological records contain intensely personal matters regarding all aspects of Plaintiff's life, sexuality, and medical condition which would be highly damaging if disclosed publicly.  The identity of Plaintiff's current and past employers, and records relating to the identity of his past and current employers, if revealed publicly, may also result in the inadvertent disclosure of private medical information that would be highly damaging to him and his prospects of ongoing or future employment.  It may also be necessary for Defendant HealthTalk, Inc. ("HTI") to produce confidential business or commercial information of HTI and its affiliated companies, which, if disclosed to the competitors, may unfairly and adversely affect competition; and confidential personnel records regarding employees of HTI or its affiliated companies who are not parties to this action, which, if disclosed to the public, may affect the privacy interests of those employees, and/or may cause embarrassment.

3.      This Stipulation, when and as approved by the court, is intended to govern all productions of confidential information and documents pertaining to this litigation.

4.      The following definitions shall apply to this Stipulation and Order:

4.1      "Party" or "parties" shall mean and refer to any party, Plaintiff or Defendant, in the above-captioned matter signatory to this Stipulation including counsel of record for any party signatory to this Stipulation;

4.2      "Confidential Information" shall mean and refer to the Plaintiff's name, the Plaintiff's and any other person's employment, education, medical and psychological

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 2
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

records and information, and personal financial information and records, including bank account numbers and social security numbers; confidential business or commercial information of HTI and its affiliated companies; and confidential personnel records regarding employees of HTI or its affiliated companies who are not parties to this action. It also refers to information a party in good faith designates as "Confidential" as set forth below. Upon good cause shown and/or a compelling reason, the Court may determine that certain information the parties designate as "Confidential" shall be redacted or filed under seal, as set forth below.

    4.3  "Qualified persons" shall mean and refer to:

      (a)  The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action;

      (b)  Counsel of record for any party signatory to this Stipulation, including all partners and associate attorneys of that counsel's law firm;

      (c)  Employees, paralegal assistants, stenographic and clerical employees of counsel for the parties signatory to this Stipulation only when operating under the direct supervision of counsel;

      (d)  Plaintiff S.F.;

      (e)  Defendant HealthTalk, Inc. and all managing agents and employees of Defendant, who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

      (f)  Potential witnesses who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 3
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

1          (g)     Experts or consultants employed by counsel of record for the

2  purpose of assisting in these proceedings, preparation for trial and/or trial of this action;

3          (h)     Claims examiners of the Defendant's insurance company.

4      5.     Any party to this action may proffer into evidence any Confidential Information

5  at time of trial or by motion or otherwise and such Confidential Information may be introduced

6  or shown to jurors and witnesses at the time of trial or on motion of any party, subject to normal

7  evidentiary objections.  In the event that any material designated as Confidential is used in any

8  court proceeding in this action, it shall not lose its confidential status through such use, and the

9  party using such confidential material shall maintain its confidentiality during such use, subject

10  to the Court's guidance.

11      6.     All documents, information and things deemed to contain Confidential

12  Information under Paragraph 4.2 above shall be brought within the protection of this Stipulation

13  and Order by placing in a conspicuous place on any such documents, or on the first page or

14  cover sheet of a set of documents, the word "Confidential."  Any such Confidential Information

15  and documents shall be kept confidential and shall not be disclosed, used or copied except as set

16  forth hereafter and in connection with preparation for the proceedings in the above-captioned

17  matter and shall not be used for any other purpose.  The term "documents" shall be defined to

18  include all written, photographic, or electronic media, including computer print-outs and

19  computer storage devices such as floppy disks, extracts, summaries, attachments, and answers

20  to requests for production.

21      7.     Any deposition testimony deemed to contain Confidential Information shall be

22  brought within the protection of this Stipulation and Order by orally designating on the

23

24

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1    deposition record the protected portion or portions or, within ten (10) business days of receipt of

2    the transcript, by designating such portions by page and line number.

3           8.      The designating party shall have the burden of proof regarding the confidential

4    nature of designated documents and/or information.

5           9.      The parties shall resolve any disputes concerning the designation of any

6    documents as "Confidential" as follows:  the non-designating party shall challenge any

7    designation of confidentiality by notifying the designating party in writing, specifically

8    identifying the challenged item(s) as well as the basis for the challenge.  If the parties cannot

9    resolve the challenge after engaging in good-faith discussions, the designating party shall seek

10   an order of the Court with respect to the challenged information, documents, or things

11   designated as "Confidential."  Both Plaintiff and Defendant will treat all materials or

12   information designated as "Confidential" in accordance with the requirements of this Order for

13   a reasonable period after notice of a challenge to confidentiality and during the pendency of

14   related motions.  The parties further agree that before seeking any relief from the Court under

15   this paragraph, they will make a good faith effort to resolve any disputes concerning the

16   confidential treatment of any information.

17          **10.     Except as provided for herein, confidential documents and confidential**

18   **information contained therein, shall not be communicated or disclosed in any manner,**

19   **either directly or indirectly, to any person or entity.**

20          11.     Disclosure of confidential information and confidential documents may be made

21   only to "qualified persons," as defined above, with the following additional limitations:

22          11.1    Expert witnesses and consultants retained by Plaintiff or Defendant must

23   affirmatively agree to the terms and conditions of this Protective Order prior to review of any

24

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 5
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1   such documents, and execute a Statement of Confidentiality, identical to Exhibit A.  Counsel

2   shall retain such statements and make them available to other counsel signatory to this

3   Stipulation upon request, if a violation of the Order is reasonably believe to have occurred.

4         11.2   Defendant HealthTalk, Inc. and other representatives of Defendant may

5   review confidential documents provided by the Plaintiff only as needed for the defense of

6   Plaintiff's claims after executing a Statement of Confidentiality, identical to Exhibit A.  Counsel

7   for the Defendant shall retain such statements and make them available to other counsel

8   signatory to this Stipulation upon request, if a violation of the Order is reasonably believe to

9   have occurred.

10        11.3   Potential witnesses may review confidential documents only as needed

11   for litigation of this case and under the supervision of counsel after executing a Statement of

12   Confidentiality, identical to Exhibit A.  Counsel shall retain such statements and make them

13   available to other counsel signatory to this Stipulation upon request, if a violation of the Order

14   is reasonably believed to have occurred.

15        12.   When documents, briefs or memoranda containing Confidential Information

16   are filed with the Court, the same shall be done in accordance with Local Rule CR 5(g)(1) and

17   the U.S. District Court's CM/ECF procedures for the filing of sealed documents.  For

18   confidential documents filed by hard copy, and which the Court has determined should be

19   sealed for "good cause" shown (non-dispositive motions) or a "compelling reason" (dispositive

20   motions), such documents shall be placed in sealed envelopes or other appropriately sealed

21   containers on which shall be endorsed:

22        12.1   The words "SEALED CONFIDENTIAL";

23        12.2   The title of the action to which the contents pertain;

24

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 6
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

12.3    An indication of the nature of the contents; and

12.4    A statement substantially in the following form:

"This envelope [or container] is filed pursuant to court order and protective order by [name of party] and contains confidential information.  It is not to be opened or the contents thereof to be displayed or revealed except to the Court and to counsel of record signatory to the Stipulated Protective Order.  The contents shall not be displayed or revealed to third parties except by Court order or by written agreement of all the parties."

The envelope or container shall not be opened, except as set forth above.  The envelope shall then be returned to the Clerk of the Court, appropriately sealed, and endorsed as provided above.

13.     In all court filings and use of exhibits, all parties shall comply with "the Privacy Concerns" set forth in the U.S. District Court's CM/ECF Civil and Criminal Procedures and redact documents as necessary.  In addition, the parties agree to redact the Plaintiff's name and reflect only "S.F." in court filings and exhibits.  In summary:

- Plaintiff's name:  Use only the plaintiff's initials, "S.F."

- Plaintiff's past and current employer, with the exception of defendant, use only the employer's initials.

- Minors' names:  Use only the minors' initials.

- Financial account numbers:  Identify the name or type of account and the financial institution where maintained, but use only the last four digits of the account number.

- Social Security numbers:  Use only the last four digits.

- Dates of birth:  Use only the year.

14.     Miscellaneous.

14.1    The information protected by this Protective Order is the substance of the Confidential Information, no matter what form the information is in and no matter how the

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 7
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1  information might be communicated.  The parties do not intend to in any way waive the

2  assertion of confidentiality and hereby expressly reserve their rights to assert and preserve the

3  confidentiality of any information disclosed in this Proceeding that is not designated as

4  Confidential Information pursuant to this Protective Order.

5        14.2  Recipients of Confidential Information pursuant to this Protective Order

6  shall exercise reasonable and appropriate care with regard to such Confidential Information to

7  ensure that the confidential nature of the same is maintained.

8        14.3  In the event any person in receipt of Confidential Information shall

9  receive a subpoena, or court order, seeking disclosure of another party's Confidential

10  Information, such person shall immediately upon receipt of such subpoena or court order notify

11  counsel for the designating party that produced the Confidential Information of same and shall

12  provide a copy of same if applicable.  Except in the case of an order requiring immediate

13  production of the requested information, no party shall disclose another party's Confidential

14  Information without giving the other party an opportunity to seek from this Court an order

15  governing disclosure of the requested information.  Nothing herein shall be construed to require

16  any recipient of information subject to this Order to refuse to comply with a lawfully issued

17  subpoena, with any order of any Court, or with the command of any law enforcement agency.

18        14.4  If Confidential Information is disclosed to any person other than in the

19  manner authorized by this Protective Order, the person responsible for the disclosure shall

20  immediately bring all the pertinent facts relating to such disclosure to the attention of counsel

21  for all parties, without prejudice to the rights and remedies of any party, and shall make every

22  effort to prevent further disclosure by it or by the person who received such Confidential

23  Information.

24

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 8
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1         14.5    This Protective Order is made to facilitate discovery and the production

2   of discoverable evidence in this action.  Neither the entry of this Protective Order, the

3   designation of any information as Confidential Information under the Order, the failure to make

4   such designation, or the failure to object to such designation by any party shall constitute

5   evidence with respect to any issue in this litigation.  This Protective Order shall not abrogate or

6   diminish any contractual, statutory or other legal right or obligation any party may have with

7   respect to information disclosed in this matter.

8         14.6    Any party or person who knowingly violates this Protective Order may

9   be held in contempt of this Court.  The Court and parties preserve the right to order or seek an

10  award of such other relief as is appropriate for such disclosure.

11       15.    No later than sixty (60) days following the conclusion of these proceedings,

12  Plaintiff and Defendant agree to destroy or return all Confidential Information, documents, and

13  things and all copies of same to the counsel producing such information and documents, at the

14  election of, and expense of, the opposing party.  To the extent that the information is embodied

15  in and is inseparable from attorney work product, the recipient party may destroy the document

16  or maintain confidentiality of such material in perpetuity. "Conclusion of these proceedings"

17  refers to the exhaustion of available appeals, or the running of time for taking such appeals, as

18  provided by applicable law.  If this matter is concluded by settlement, return of Confidential

19  Information shall be governed by the settlement agreement.

20

21

22

23

24

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 9
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

16.     The provisions of this Order shall not affect the admissibility of evidence at trial, summary judgment, or any preliminary evidentiary proceedings in open court.

17.     The provisions of this Protective Order may be modified by the Court on its own motion after notice to the parties and an opportunity to be heard.

18.     At this time, the Court specifically finds good cause and compelling reason to require the following information and documents protected from public disclosure, as follows:

(a)     The Plaintiff's name shall be redacted and he shall be referred to only as "S.F." in all documents that are filed with the Court.  The parties shall refer to plaintiff only as "S.F." in all pleadings filed with the Court.  The Court, too, will refer to plaintiff only as "S.F." in all of its Orders and in the court record.

(b)     The Plaintiff's medical information and medical records shall be filed under seal.  This Order shall constitute permission to file under seal pursuant to Local Civil Rule 5(g) *only* as to medical information and medical records.

(c)     The identity of the Plaintiff's current and former employers shall be redacted and referred to only by initials.  If the parties wish to file employment records under seal, they must follow the procedures required by Local Civil Rule 5(g).

JOINTLY SUBMITTED this 18th day of January, 2007.

MacDONALD HOAGUE & BAYLESS             SUMMIT LAW GROUP PLLC


By /s/ Andrea Brenneke                          By /s/ Shannon Phillips
    Andrea Brenneke, WSBA #22027             Shannon E. Phillips, WSBA #25631
    705 Second Avenue, Suite 1500            315 Fifth Avenue South, Suite 1000
    Seattle, Washington  98104-1745          Seattle, WA  98104-2682
    206.622.1604                             206.676.7000
Attorneys for Plaintiff                      Attorneys for Defendant

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 10
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961

1

**ORDER**

2

The Court's modifications to the parties' proposed language are found in paragraphs

3

18(b) and 18(c). The Court otherwise approves of the Proposed Protective Order as submitted.

4

IT IS SO ORDERED this 25th day of January, 2007.

5

6

7

8

HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 11
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## EXHIBIT A

### STATEMENT OF CONFIDENTIALITY

The undersigned acknowledges receipt of the attached STIPULATION PROTECTING

CONFIDENTIALITY OF DOCUMENTS AND INFORMATION AND ORDER THEREON

and that he/she has read and understands and agrees to be bound thereby.

Signed this _____ day of _____, 2007.

_____

Signature

_____

Print Name

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 12
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

below listed attorneys:

Attorneys for Defendant
Shannon E. Phillips, WSBA #25631
shannonp@summitlaw.com
Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104-2682
Phone:  (206) 676-7000
Fax:  (206) 676-7001

                                          /s/ Andrea Brenneke
                                    Andrea Brenneke, WSBA #22027
                                    Attorneys for Plaintiff
                                    MacDonald Hoague & Bayless
                                    705 2nd Ave #1500
                                    Seattle, WA 98104
                                    Tel: 206-622-1604
                                    Fx:  206-343-3961
                                    Email andreab@mhb.com

STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS
AND INFORMATION AND ORDER THEREON - 13
USDC WD WA NO. CV 06-0935 JCC

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX:  (206) 343-3961